NELSON P. COHEN
United States Attorney

THOMAS C. BRADLEY
CRANDON RANDELL
Assistant United States Attorneys
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone (907) 271-5071
Fax (907) 271-1500
Email tom.bradley@usdoj.gov
        crandon.randell@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) COUNT 1: |
| | ) TAX EVASION |
| Plaintiff, | ) Vio. 26 U.S.C. §7201 |
| | ) |
| vs. | ) COUNT 2: |
| | ) ATTEMPT TO INTERFERE |
| | ) WITH ADMINISTRATION OF |
| EUGENE GEORGE WARNER, | ) INTERNAL REVENUE LAWS |
| a/k/a Eugene George: Warner, | ) Vio. 26 U.S.C. §7212(a) |
| a/k/a Eugene Three Rivers Warner | ) |
| | ) COUNTS 3-6: |
| Defendant. | ) FALSE TAX RETURNS |
| | ) Vio. 26 U.S.C. §7206(1) |
| | ) |
| | ) COUNTS 7-8: |
| | ) BANKRUPTCY FRAUD |
| | ) Vio. 18 U.S.C. §152(2)&(3) |
| | ) |
| | ) COUNTS 9-20: |
| | ) MAIL FRAUD |
| | ) Vio. 18 U.S.C. §1341 |
| | ) |

# INDICTMENT

The Grand Jury charges that:

## INTRODUCTORY ALLEGATIONS

1.    At all times material to this indictment, Defendant EUGENE G. WARNER
engaged in a course of conduct intended to evade the payment of lawful debts, conceal
assets from creditors, and obstruct collection activities by those creditors. The defendant
endeavored to evade these debts by concealing assets in nominee entities, so that his name
did not appear as the owner of the property. He then failed to disclose his ownership of
the property in documents filed with the United States District Court, the United States
Bankruptcy Court, and the Internal Revenue Service. When creditors continued to pursue
collection of the debts, the defendant made economic threats against the creditors, and
mailed them fictitious documents which both falsely claimed that the debts were
eliminated and demanded that the creditors send the defendant money.

2.    Defendant EUGENE G. WARNER owed the following debts, among others, to the
following individuals and entities:

| CREDITOR'S NAME | TYPE OF CREDIT | APPROXIMATE AMOUNT |
| --- | --- | --- |
| Internal Revenue Service | Income Taxes | $500,000.00 |
| Bank of America | Credit Card | $15,000.00 |
| Bank of America | Credit Card | $12,000.00 |
| Credit Union of Hawaii | GMC Truck Loan | $17,000.00 |
| Citi Cards | Credit Card | $8,500.00 |
| Household Credit Services | Credit Card | $3,318.90 |

| Discover Card | Credit Card | $15,000.00 |
| Elisabeth Anne Cole, M.D. | Medical Services | $4,500.00 |
| First Credit Solutions | Credit Card | $10,000.00 |
| Landmark Mortgage Services | Credit Card | $16,500.00 |
| Nation Wide Credit | Credit Card | $2,600.00 |
| Omni Financial Services | Financial Services | $6,000.00 |
| Atlantic Credit & Finance | Credit Card | $3,500.00 |
| Capitol Tax Relief | Financial Services | $3,000.00 |
| Countrywide | Mortgage-Hawaii | $117,000.00 |
| Alaska USA Federal Credit Union | Mortgage-Alaska | $41,000.00 |
| Wells Fargo Bank/Credit Union 1 | Mortgage-Alaska | $110,000.00 |

3.     Defendant EUGENE G. WARNER used fictitious business entities, known variously as "common law trusts" or "pure trust organizations" to hold real estate in Alaska and Hawaii and open bank accounts, thereby concealing his ownership of the real property, and the income from that real property, as well as other property, from the Internal Revenue Service, the United States Bankruptcy Court, and various private creditors to whom he owed lawful debts. These entities served to create the false impression that someone or something other than the defendant actually owned the property, while allowing the defendant to maintain actual control and reap the benefits of ownership.

4.     The defendant concealed real property and bank accounts by holding them in the following names:

   a. KEHAULANI WARNER OHANA ORGANIZATION (KWOO);

   b. USA TOMORROW;

   c. ESCALERO HEALTH AND RECREATION ASSOCIATION (EHRA-01);

   d. WARNER WAGNER BANKS (WW BANKS);

   e. KWOA-01-01;

   f. NURTURING WOMEN (NWH&R 03-01), later known as EAV-03; and

   g. WARNER HEALTH AND RECREATION CLUB (WHRC 02-01).

## COUNT 1: TAX EVASION

5.     Paragraphs 1 through 4 of this Indictment are hereby incorporated as if fully restated herein.

6.     From on or about November 15, 1993, until on or about the date of this indictment, in the District of Alaska, and elsewhere, Defendant EUGENE G. WARNER did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar years 1990 through 1998 by, among other acts:

## AFFIRMATIVE ACTS OF EVASION

   a.     Filing a quitclaim deed on or about November 15, 1993, transferring title to real estate located in Anchorage, Alaska to KWOO.

4

b.     Filing a financial affidavit in the United States District Court for the District of Alaska dated May 10, 2000, and filed on or about June 1, 2000, signed under penalty of perjury, which under the question "PROPERTY: Do you own any real estate?" failed to disclose real estate located in Anchorage, Alaska; real estate located at 1308 Kumukoa St., Hilo, Hawaii held in the name of "KWOO"; real estate located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor, # 303 held in the name of "USA TOMORROW"; and real estate located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor, # 306 held in the name of "WW BANKS," all of which real estate was owned at least in part by the defendant.

c.     Recording with the State of Hawaii Bureau of Conveyances, in the District of Hawaii, on or about August 1, 2000, a document dated July 12, 2000, titled "Minutes of U.S.A. Tomorrow, a Pure Trust Organization" in relation to real property located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor, # 303, which falsely stated that Defendant EUGENE GEORGE WARNER was no longer a responsible party representing the trust.

d.     Recording with the State of Hawaii Bureau of Conveyances, in the District of Hawaii, on or about September 21, 2000, a document dated August 4, 2000, in the District of Alaska, titled "Minutes of Warner Wagner Banks, a Pure Trust Organization" in relation to real property located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor,

5

# 306, which falsely stated that Defendant EUGENE GEORGE WARNER was no longer a responsible party representing the trust.

  e. Opening the following bank accounts at Wells Fargo Bank in California on January 10, 2001:

    #xxxxxxx864, in the name of "KWOA 01-01"

    #xxxxxxx872, in the name of "WHRC 02-01"

    #xxxxxxx880, in the name of "KWOO 04-01"

    #xxxxxxx898, in the name of "NWH&R 03-01".

  f. Transferring real property located in Anchorage, Alaska, from KWOO back to he and his wife by quitclaim deed dated April 2, 2001. The same date, defendant's wife quitclaimed her interest to the defendant, leaving him the sole owner of record.

  g. Defendant then used the property now back in his name to obtain a $110,000 loan from Residential Mortgage, LLC through First American Title of Alaska on the real estate located in Anchorage, Alaska, on or about April 2, 2001. These funds were used to pay off a previous mortgage held by James B. Nutter & Co. Residential Mortgage sold the loan to Credit Union One, whose mortgages are serviced by Wells Fargo Bank.

  h. Transferring real property located at 1308 Kumukoa St., Hilo, Hawaii, from KWOO back to he and his wife in a deed dated June 14, 2001, and recorded June 18, 2001.

6

i.          Applying for a loan from U.S. Financial Mortgage Corporation secured by real property located at 1308 Kumukoa St., Hilo, Hawaii, listing himself as the "borrower" on a Uniform Residential Loan Application dated June 14, 2001.

j.          Receiving net loan proceeds from U.S. Financial Mortgage Corporation in the amount of $96,862.60 pursuant to a loan settlement statement dated June 21, 2001.

k.          Depositing $96,862.60 with International Currency Limited of the Bahamas for the purpose of investing in foreign currency trading, and applying for an account in an application dated June 26, 2001.

l.          Transferring real property located at 1308 Kumukoa St., Hilo, Hawaii, from himself and his wife to KWOO in a deed dated June 14, 2001, and recorded August 8, 2001.

m.          Obtaining a $41,000 loan from Alaska USA Federal Credit Union through First American Title of Alaska on the real estate located in Anchorage, Alaska, on or about July 17, 2001.

n.          Transferring title to real estate located in Anchorage, Alaska, to KWOA-01-01 in a deed dated August 17, 2001, executed August 20, 2001, and recorded August 21, 2001.

o.          Sending a $10,000 Bank of America Visa convenience check along with a signed letter dated January 30, 2002 requesting deposit into the KEHAULANI-WARNER

7

OHANA ORGANIZATION account to International Currency Limited in Naples, Florida.

     p.     Providing a Collection Information Statement for Wage Earners and Self-Employed Individuals, Form 433-A, to the Internal Revenue Service dated August 20, 2002, which form was not true, correct, and complete, in that it omitted numerous assets owned by and under the control of the defendant, including: real property located in Anchorage, Alaska and held in the name KWOA-01-01; real property located at 1308 Kumukoa St., Hilo, Hawaii, held in the name of "KWOO"; real property located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor, # 303, held in the name of "USA TOMORROW"; real property located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor, # 306, held in the name of "WW BANKS"; Wells Fargo Bank account #xxxxx359, in the name of "USA TOMORROW"; Wells Fargo Bank account #xxxxxxx872, in the name of "WHRC 02-01"; Wells Fargo Bank account #xxxxxxx898, in the name of "NWH&R 03-01"; Wells Fargo Bank account #xxxxxxx880, in the name of "KWOO"; Wells Fargo Bank account #xxxxxxx864, in the name of "KWOA 01-01"; or any interest in accounts held at International Currency Limited.

     q.     Opening account #xxxxxxx898 at Wells Fargo Bank in Alaska in the name of ESCALERO HEALTH & RECREATION ASSOCIATION d/b/a EHRA-01.

     r.     Filing a Chapter 13 petition in the United States Bankruptcy Court for the District of Alaska on April 18, 2003, case #A03-00417-DMD.

s.     Moving for voluntary dismissal of the bankruptcy petition in case #A03-00417-DMD in a request dated April 24, 2003, and filed April 28, 2003, resulting in an order of dismissal filed April 29, 2003.

t.     Subscribing a 2002 U.S. Individual Income Tax Return, Form 1040, on July 12, 2003, which failed to report any income from rental real estate on Line 17 or Schedule E.

u.     Changing Wells Fargo Bank account #xxxxxxx898 from the name "NWH&R 03-01" to the name "EAV-03" on July 25, 2003.

v.     Subscribing delinquent 1999, 2000, and 2001 U.S. Individual Income Tax Returns, Forms 1040, on August 29, 2003, which failed to report any rental income from real estate on Line 17 or Schedule E.

w.     Filing a Chapter 13 petition in the United States Bankruptcy Court for the District of Alaska on October 16, 2003, case #A03-01147-DMD.

x.     Completing a Statement of Financial Affairs, Form 7, dated October 28, 2003, and filed with the United States Bankruptcy Court for the District of Alaska on October 30, 2003, in case #A03-01147-DMD, which was not true and correct in that it failed to disclose numerous assets owned by and under the control of the defendant, including: real property located in Anchorage, Alaska, and held in the name KWOA-01-01; real property located at 1308 Kumukoa St., Hilo, Hawaii, held in the name of "KWOO"; real property located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor,

9

# 303, held in the name of "USA TOMORROW"; real property located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor, # 306, held in the name of "WW BANKS"; Wells Fargo Bank account #xxxxx359, in the name of "USA TOMORROW"; Wells Fargo Bank account #xxxxxxx872, in the name of "WHRC 02-01";Wells Fargo Bank account #xxxxxxx898, in the name of "EAV-03"; Wells Fargo Bank account #xxxxxxx880, in the name of "KWOO"; Wells Fargo Bank account #xxxxxxx864, in the name of "KWOA 01-01"; Wells Fargo Bank account # xxxxxxx898, in the name of "EHRA-01"; any rental income from the aforementioned real property, or any interest in accounts held at International Currency Limited.

     y.     Providing false sworn testimony in a Section 341 Meeting of Creditors held on December 18, 2003 in his bankruptcy case, *In Re: Eugene George Warner,* case number A03-01147-DMD, by falsely swearing that he owned no property in Hawaii, and that he had sold any previously owned rental property many years before, when in fact the defendant knew that he still owned real property in Hawaii, and had not sold it.

     All in violation of Title 26, United States Code, Section 7201.

## COUNT 2: OBSTRUCTION OF THE IRS

Paragraphs 1 through 4 of this Indictment are hereby incorporated as if fully restated herein.

7.     Beginning on or about June 10, 2002 and continuing thereafter up to and including the date of this indictment, in the District of Alaska, and elsewhere, the Defendant,

10

EUGENE GEORGE WARNER, did corruptly endeavor to intimidate and impede officers of the United States acting in their official capacities under Title 26, United States Code, and did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by:

## ACTS

a. Sending a letter dated June 10, 2002, to his son-in-law who was then managing real estate for the defendant and who had advised the defendant that he had received a notice of levy from the IRS in the amount of $544,559.66, in which letter the defendant instructed his son-in-law to "not withhold money from what you owe me based on whatever 'notice of levy' an Internal Revenue Service agent or officer sent to you" and threatening that if the son-in-law complied with the levy he might be in "jeopardy" of "civil liability" or criminal prosecution for "conversion" or "conspiracy."

b. Presenting to the IRS an "ORDER" purportedly issued "In The GRAND NATIONAL COUNCIL OF CONFEDERATED NATIONS FOR CHEROKEE NATIONS WEST" signed by "Robert Ferguson: King, Associate Justice" awarding the defendant, "a Sovereign," a "DEFAULT JUDGMENT" in the amount of "ONE MILLION FIVE HUNDRED THOUSAND U.S. DOLLARS plus interest in the amount of 25% apr compounded daily beginning December 28, 2003 and continuing until paid in full to Eugene George Warner as restitution and partial nontaxable damages," and

11

ordering Respondents "United States of America, Inc., et. Al., a Private Corporation" to "immediately cease and desist all actions" against the defendant or his property.

     c.     Recording with the State of Alaska a "COMMERCIAL AFFIDAVIT" dated December 17, 2003, stating that the defendant and his wife are not "taxpayers" but are rather "nontaxpayers" and that as of December 28, 2003 the IRS will owe the defendant and his wife "ONE MILLION FIVE HUNDRED THOUSAND U.S. DOLLARS plus interest in the amount of 25% apr compounded daily beginning December 28, 2003, and continuing until paid in full to Eugene George Warner as restitution and partial nontaxable damages."

     d.     Providing to the IRS, specifically addressed to an attorney and revenue officer attempting to collect taxes from defendant, a letter dated November 7, 2004 and signed and notarized November 9, 2004, declaring that KWOO is not a nominee of the defendant, that any liens placed against property in Hawaii are "void" and that there is now "great jeopardy upon the IRS and its agents so involved in placing said liens."

     e.     Mailing to the IRS an envelope postmarked November 18, 2004 containing a document titled "Declaration of Clarification" declaring that particular IRS employees were in violation of various criminal laws, demanding payment of "FOUR MILLION FIVE HUNDRED THOUSAND U.S. DOLLARS ($4,500,000) plus interest" and an additional $10,000 each day that the "crime should continue to occur" beginning November 24, 2004, and purporting to issue a "PROTECTIVE ORDER" prohibiting the

12

IRS or the State of Alaska from ever coming within one mile of the defendant, removing "even one dollar" from his retirement, and entitling him to be "EXEMPT" from withholding taxes forever.

f.     Causing to be mailed to the IRS Ogden Service Center on April 4, 2005 copies of the above referenced "ORDER" and "COMMERCIAL AFFIDAVIT" along with a "NOTICE" signed by the defendant, asserting that he is a native American Indian, and again demanding that the "Court Order" issued by "Tribal Judge, Robert King" in 2003 be followed.

All in violation of Title 26, United States Code, Section 7212(a)

## COUNT 3: FALSE TAX RETURN

8.     On or about August 29, 2003, in the District of Alaska, the defendant, EUGENE GEORGE WARNER, did willfully make and subscribe a 1999 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said tax return he did not believe to be true and correct as to every material matter in that the said tax return failed to report $37,855.24 in taxable retirement benefits from the State of Alaska on Line 7, failed to report any income from rental real estate on Line 17 or Schedule E, and demanded a refund in the amount of $907 on Line 66a, whereas, as the

13

defendant then and there well knew and believed, he had received taxable retirement benefits and rental income from real estate in Hawaii, and was not entitled to a refund.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 4: FALSE TAX RETURN

9. On or about August 29, 2003, in the District of Alaska, the defendant, EUGENE GEORGE WARNER, did willfully make and subscribe a 2000 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said tax return he did not believe to be true and correct as to every material matter in that the said tax return failed to report $38,781.54 in taxable retirement benefits from the State of Alaska on Line 7, failed to report any income from rental real estate on Line 17 or Schedule E, and demanded a refund in the amount of $128 on Line 67a, whereas, as the defendant then and there well knew and believed, he had received taxable retirement benefits and rental income from real estate in Hawaii, and was not entitled to a refund.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 5: FALSE TAX RETURN

10. On or about August 29, 2003, in the District of Alaska, the defendant, EUGENE GEORGE WARNER, did willfully make and subscribe a 2001 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said

14

tax return he did not believe to be true and correct as to every material matter in that the said tax return failed to report \$39,459.36 in taxable retirement benefits from the State of Alaska on Line 7, failed to report any income from rental real estate on Line 17 or Schedule E, and demanded a refund in the amount of \$955 on Line 68a, whereas, as the defendant then and there well knew and believed, he had received taxable retirement benefits and rental income from real estate in Hawaii, and was not entitled to a refund.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 6: FALSE TAX RETURN

11. On or about July 12, 2003, in the District of Alaska, the defendant, EUGENE GEORGE WARNER, did willfully make and subscribe a 2002 U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said tax return he did not believe to be true and correct as to every material matter in that the said tax return failed to report \$33,678 in taxable retirement benefits from the State of Alaska on Line 7, failed to report any income from rental real estate on Line 17 or Schedule E, and demanded a refund in the amount of \$570 on Line 71a, whereas, as the defendant then and there well knew and believed, he had received taxable retirement benefits and rental income from real estate in Hawaii, and was not entitled to a refund.

All in violation of Title 26, United States Code, Section 7206(1).

15

## COUNT 7: BANKRUPTCY FRAUD

Paragraphs 1 through 4 of this Indictment are hereby incorporated as if fully restated herein.

12. On or about October 30, 2003, in the District of Alaska, the defendant, EUGENE GEORGE WARNER, did knowingly and fraudulently make a materially false declaration, certificate, verification, or statement under penalty of perjury in and in relation to a case under Title 11 of the United States Code, *In Re: Eugene George Warner,* case number A03-01147-DMD, by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs, in which the defendant fraudulently failed to disclose all bank accounts he had maintained within two years immediately preceding the filing of the bankruptcy petition, and other assets in which he held an interest, including real property located in Anchorage, Alaska and held in the name KWOA-01-01; real property located at 1308 Kumukoa St. Hilo, Hawaii, held in the name of "KWOO"; real property located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor, # 303, held in the name of "USA TOMORROW"; real property located at 355 Kalanianaole St., Hilo, Hawaii, Orchid Manor, # 306, held in the name of "WW BANKS"; Wells Fargo Bank account #xxxxx359, in the name of "USA TOMORROW"; Wells Fargo Bank account #xxxxxxx872, in the name of "WHRC 02-01"; Wells Fargo Bank account #xxxxxxx880, in the name of "KWOO"; Wells Fargo Bank account #xxxxxxx864, in the name of "KWOA 01-01"; Wells Fargo Bank account #xxxxxxx898, in the name of "EHRA-01"; any rental income from the aforementioned real property, and

16

any interest in accounts held at International Currency Limited.

All in violation of Title 18, United States Code, Section 152(3)

## COUNT 8: BANKRUPTCY FRAUD

Paragraphs 1 through 4 of this Indictment are hereby incorporated as if fully restated herein.

13.   On or about December 18, 2003, in the District of Alaska, the defendant, EUGENE GEORGE WARNER, did knowingly and fraudulently make a false oath in and in relation to a case under Title 11 of the United States Code, *In Re: Eugene George Warner,* case number A03-01147-DMD, by falsely testifying under oath during a Section 341 meeting of creditors before the case trustee that he owned no property in Hawaii, and that he had sold any previously owned rental property ten years before, when in fact the defendant knew that he still owned real property in Hawaii, and had not sold it.

All in violation of Title 18, United States Code, Section 152(2).

## COUNTS 9-17: MAIL FRAUD

Paragraphs 1 through 4 of this Indictment are hereby incorporated as if fully restated herein.

14.   On or about the dates listed below, the Defendant, EUGENE GEORGE WARNER, within the District of Alaska and elsewhere, did devise a material scheme or artifice to defraud and to obtain monies by means of materially false and fraudulent pretenses. The purpose of the scheme was to impede the foreclosure of the defendant's

17

residence in Alaska and eliminate debts owed to other creditors by economic threats and fraudulent demands for money.

15. The defendant owed money to the targets of the scheme, as listed in Paragraph 2 of this Indictment.

16. On or about the dates listed below, in the District of Alaska, Defendant EUGENE GEORGE WARNER, having devised the above described scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, for the purpose of executing and in order to effect the scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, did knowingly cause to be sent, delivered, and moved by the United States Postal Service, certified mail, return receipt requested, "COMMERCIAL AFFIDAVITS" falsely claiming that he was a creditor, not a debtor, with respect to the organizations and demanding the amount of money listed below, and which were recorded with the State of Alaska Recorder's Office, with each mailing identified by date, amount, and victim organization alleged as a separate and distinct count:

| #  | DATE    | AMOUNT      | VICTIM ORGANIZATION               | RETURN RECEIPT #     |
|----|---------|-------------|-----------------------------------|----------------------|
| 9  | 2/24/04 | $1,260,000  | Residential Mortgage, LLC         | 70032260000018704590 |
| 10 | 2/24/04 | $1,260,000  | Wells Fargo Home Mortgage         | 70032260000018704600 |
| 11 | 2/24/04 | $1,260,000  | James B. Nutter & Company         | 70032260000018704610 |
| 12 | 2/24/04 | $1,260,000  | First American Title of Alaska    | 70032260000018704624 |
| 13 | 2/24/04 | $960,400    | U.S. Financial Mortgage           | 70032260000018704655 |

| 14 | 2/24/04 | $960,400 | Countrywide | 70032260000018704662 |
| 15 | 2/25/04 | $87,000 | Island Chevrolet | 70032260000018704670 |
| 16 | 2/25/04 | $87,000 | Credit Union of Hawaii | 70032260000018704686 |
| 17 | 4/12/04 | $36,822 | Bank of America | 70032260000018704856 |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS 18-19 MAIL FRAUD

Paragraphs 1 through 4 of this Indictment are hereby incorporated as if fully restated herein.

17. On or about the dates listed below, the Defendant, EUGENE GEORGE WARNER, within the District of Alaska and elsewhere, did devise a material scheme or artifice to defraud and to obtain monies by means of materially false and fraudulent pretenses. The purpose of the scheme was to impede the foreclosure of the defendant's residence in Alaska.

18. The defendant owed money to Wells Fargo Bank and Credit Union 1 in connection with a mortgage on his residence in Alaska. Groh Eggers LLC was a law firm representing the creditors in the foreclosure of defendant's Alaska residence.

19. On or about the dates listed below, in the District of Alaska, Defendant EUGENE GEORGE WARNER, having devised the above described scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, for the purpose of executing and in order to effect the scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, did knowingly cause to be sent, delivered, and

19

moved by the United States Postal Service, false and fictitious documents styled

"International Bill of Exchange" in an attempt to pay off the mortgage on defendant's

residence in Alaska.

| #  | DATE    | AMOUNT       | VICTIM ORGANIZATION                    |
|----|---------|--------------|----------------------------------------|
| 18 | 12/2/04 | $111,042.00  | Credit Union 1/ Wells Fargo Home Mtg.  |
| 19 | 2/8/05  | $128,476.06  | Credit Union 1 /Groh Eggers LLC        |

All in violation of Title 18, United States Code, Section 1341.

### COUNT 20: MAIL FRAUD

20.     On or about February 14, 2005, the Defendant, EUGENE GEORGE WARNER,

within the District of Alaska and elsewhere, did devise a material scheme or artifice to

defraud and to obtain monies by means of materially false and fraudulent pretenses from

Wells Fargo Home Mortgage. The purpose of the scheme was to impede the foreclosure

of the defendant's residence in Alaska.

21.     It was part of the scheme and artifice to defraud that defendant owed money to

Wells Fargo Home Mortgage, as evidenced by mortgage records. At that time, Wells

Fargo Home Mortgage was attempting to foreclose of defendant's property, located in

Anchorage, Alaska.

22.     On or about February 14, 2005, in the District of Alaska, Defendant EUGENE

GEORGE WARNER, having devised the above described scheme and artifice to defraud

and to obtain monies by means of false and fraudulent pretenses, for the purpose of

executing and in order to effect the scheme and artifice to defraud and to obtain monies

20

by means of false and fraudulent pretenses, did knowingly cause to be sent, delivered, and moved by the United States Postal Service, an "INVOICE" demanding payment of $1,260,000.00 plus interest for a total of $1,617,733.58 and offering a ten percent discount if the invoice were paid by March 1, 2005.

// //

// //

// //

// //

// //

// //

// //

// //

// //

// //

// //

// //

// //

// //

// //

// //

// //

All in violation of Title 18, United States Code, Section 1341.

A TRUE BILL.

s/Grand Jury Foreperson
GRAND JURY FOREPERSON

s/Crandon Randell
CRANDON RANDELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: crandon.randell@usdoj.gov
AK Bar # 8706044

s/Thomas C. Bradley
THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: thomas.bradley@usdoj.gov

s/Nelson P. Cohen
NELSON P. COHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm 253
Anchorage, Alaska 99513-7567
Phone:(907) 271-5071
Fax: (907) 271-1500
E-mail: nelson.cohen@usdoj.gov

DATED: 10/17/2007